UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN F. GASTON, #227949,

                    Petitioner,

v.                                                    2:06CV502

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

          This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

          On July 14, 1995, petitioner began serving an eighty-three year sentence due to his convictions in the Circuit Court for the City of Norfolk, Virginia, for first-degree murder, malicious wounding, and firearms felonies.  On May 2  , 2006, petitioner became eligible for discretionary parole.  The Virginia Parole Board (VPB) considered petitioner's case prior to his date of eligibility and on March 27, 2006, denied parole.  On April 18, 2006, petitioner appealed the decision of the VPB, and on May 29, 2006, the VPB denied petitioner's appeal due to no showing of a significant error in the information, policies, or procedures related to the decision.

          On July 3, 2006, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the same grounds

raised in the present petition.  On August 11, 2006, the petition was dismissed as frivolous.

On August 25, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on October 23, 2006, respondent filed a motion to dismiss, Rule 5 answer, and motion for summary judgment. This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.    Petitioner was denied access to his parole file in violation of his Fourteenth Amendment due process rights;

2.    The VPB arbitrarily denied petitioner his statutory right to full and fair parole consideration; and

3.    The VPB failed to conduct a fair and thorough investigation, by failing to review petitioner's "parole portfolio" in making its decision.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion,

2

the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B.  Motion for Summary Judgment Standard

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, the pleadings, or other evidence, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED.R.CIV.P. 56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if "a reasonable jury could return a verdict for a nonmoving party."  Id. In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict.  See id.

Finally, as the Fourth Circuit explained,

> [w]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion.  Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an

essential element of the case that the non-moving
party has the burden to prove.

Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992)(citations

omitted).

### C.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas

corpus actions provides that:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the
> merits in State court proceedings unless the
> adjudication of the claim--
>
> (1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with

the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the

passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir.

1995), the court held that a review of a state court finding, which is

entitled to a presumption of correctness, compels the habeas court to

accord a high measure of deference to the state court.  See id. at 1032-

33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455

U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422

(1983), "[t]his deference requires that a federal habeas court more than

simply disagree with the state court before rejecting its factual

determinations.   Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

It should be noted that respondent's assertion that petitioner's claims must be brought before the Court pursuant to 42 U.S.C. § 1983, is incorrect.   In both Strader v. Troy, 571 F.2d 1263 (4th Cir. 1978), and Roller v. Cavanaugh, 984 F.2d 120 (4th Cir. 1993), the petitioners were precluded from bringing their claims as petitions for writ of habeas corpus by failure to exhaust state remedies, not because parole procedural due process claims are otherwise incognizable in a habeas petition.   The petitioners' claims were found to be cognizable under § 1983, because neither directly challenged the fact or duration of their confinement.   Strader, 571 F.2d at 1269; Roller, 984 F.2d at 122.   The petitioners alleged only violations of procedural due process. Strader, 571 F.2d at 1269; Roller, 984 F.2d at 122.

Respondent misinterprets the rulings, as well as the unpublished opinions he cites.   Simply because a procedural due process claim concerning parole consideration may be brought under § 1983, it does not necessarily follow that it must. Preiser v. Rodriquez, 411 U.S. 475 (1973), the case from which the Strader court derived its authority, clearly states that while § 1983, may be used for claims not directed toward fact or length of confinement, habeas corpus is available for those same claims and/or fact or length of confinement.   Preiser, 411 U.S. at 499.   The rule that respondent fails to recognize is that (1) claims explicitly challenging fact or length of confinement must be brought as a petition for writ of habeas corpus, and (2) claims that relate to fact or length of confinement, such as petitioner's claims, are cognizable either as a petition for writ of habeas corpus or suit under § 1983.   See Wilkinson v. Dotson , 544 U.S. 74 (2005).   Petitioner's

claims are properly before the Court as a petition for writ of habeas corpus.

### D.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.

1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### E.  Entitlement to Parole

A state has no duty to establish a parole system, and a prisoner has no constitutional right to release before the expiration of his sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  However, when a state chooses to establish a system of parole, the procedures which are adopted must be fundamentally fair, and the parole process is subject to due process standards.  Jackson v. Shields, 438 F. Supp. 183, 185 (W.D. Va. 1977); Franklin v. Shields, 569 F.2d 784, 790 (4th Cir. 1977).

Parole procedures are dependent upon state law.  Meachum v. Fano, 427 U.S. 215 (1976).  Under Virginia law, an interest in liberty is created by parole eligibility statutes, and a prisoner has a right to be considered for parole.  Franklin, 569 F.2d at 790; Krawetz v. Murray, 742 F. Supp. 304, 305 (E.D. Va. 1990).  However, there are limitations. For example, in establishing the parole process, a state is not required to afford a prisoner the same rights as a trial defendant, and the parole hearing is not a formal trial.  Franklin, 569 F.2d at 795-97; Jackson, 438 F. Supp. at 185.  There is neither a right of cross-examination nor a right to attend in person or to have counsel at a parole hearing, and some information may be withheld from a prisoner which could jeopardize rehabilitation programs and discipline within the penal system.  Id.

Section 53.1-151 of the Virginia Code establishes a prisoner's eligibility for parole.  However, eligibility is not synonymous with entitlement.  "[T]here is no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7.

In Greenholtz, prisoners attacked the due process provisions of the Nebraska parole system, claiming that they had attained eligibility for discretionary parole under Nebraska statutes and had been deprived of parole in violation of their rights.   The Supreme Court rapidly rejected any notion of entitlement to parole on the part of the petitioners, and in discussing the burden falling upon the state in the administration of a parole system, said:

> A state may, as Nebraska has, establish a parole system, but it has no duty to do so.  Moreover, to insure that the state-created parole system serves the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority. It is thus not surprising that there is no prescribed or defined combination of facts which, if shown, would mandate release on parole.  Indeed, the very institution of parole is still in an experimental stage.  In parole releases, like its siblings probation release and institutional rehabilitation, few certainties exist.  In each case, the decision differs from the traditional mold of judicial decisionmaking in that the choice involves a synthesis of record facts and personal observation filtered through the experience of the decisionmaker and leading to a predictive judgment as to what is best both for the individual inmate and for the community.  This latter conclusion requires the Board to assess whether, in light of the nature of the crime, the inmate's release will minimize the gravity of the offense, weaken the deterrent impact on others, and undermine respect for the administration of justice.  The entire inquiry is, in a sense, an "equity" type judgment that cannot always be articulated in traditional findings.

Id. at 7-8 (footnotes omitted).

1.  Petitioner is not entitled to access his parole files (Claim 1).

Petitioner asserts that he has a constitutional right to access his parole files.  While reliance upon Franklin for resolution of

the issue is correct, petitioner's particular focus upon this authority
is misplaced.  The Fourth Circuit's en banc review of Franklin expressly
overruled the original panel's determination that access to one's parole
files is a constitutional due process right.  Franklin, 569 F.2d at 800.
There is no constitutional obligation upon parole authorities to allow
prisoners access to their parole files.  Id.; Paine v. Baker, 595 F.2d
197, 200 (4th Cir. 1979); Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th
Cir. 1986); Fleming v. Murray, 888 F.Supp. 734, 741 (E.D. Va. 1994).
Because petitioner has failed to allege a constitutional violation, the
claim is without merit and should be DISMISSED.

### 2.  Petitioner was not arbitrarily denied fair parole consideration (Claim 2).

Petitioner asserts that the VPB was arbitrary in its denial of
his discretionary parole, denying him his statutory right to full and
fair consideration pursuant to section 53.1-155, of the Virginia Code.
It appears that petitioner's primary basis for this contention is that
the VPB failed to respond to petitioner's attempts to personally contact
the VPB and its members.

The VPB is required to afford applicants minimal due process
in reviewing for parole, but in this context "[d]ue process requires no
more than a hearing and written reasons for denial of parole." Franklin
v. Shields, 569 F.2d at 797.  The written reasons for denial may be in
the form of a general statement, so long as it is rationally related to
the VPB's standards and criteria for parole consideration.  Id.  Apart
from the minimal requirements of due process, the VPB is vested with
absolute discretion in evaluating prisoners for parole.  See Gaston v.
Taylor, 946 F.2d 340, 344 (4th Cir. 1991).  The VPB's decision is
necessarily a product of "subjective evaluations and predictions of
future behavior." Id. at 344.

Petitioner has failed to assert any facts which demonstrate that the VPB's denial of his parole was arbitrary.  The VPB issued a general statement giving its reasons for denial (i.e., the serious nature and circumstances of the crime for which petitioner was convicted).  The Court has previously recognized that such reasons are rationally related to the VPB's standards and criteria for parole consideration, noting that "the [VPB] does not abuse its discretion when it denies an inmate parole based on the seriousness of the underlying criminal offense."  <u>Jennings v. Parole Bd. Of Va.</u>, 61 F. Supp. 2d 462, 466 (E.D. Va. 1999).  Given that the VPB has properly justified its denial of parole, especially in light of the fact that petitioner's underlying crimes include one of the most serious offenses recognized by Virginia law, petitioner's claim is without merit and should be DISMISSED.

3.   <u>The VPB is not required to review petitioner's "Parole Portfolio," (Claim 3)</u>.

Petitioner asserts that the VPB must, pursuant to a thorough investigation of petitioner's parole eligibility, review petitioner's documentary submissions to afford him a fair and thorough hearing.  In this vein, petitioner submitted his so-called "parole portfolio" to the VPB for review.  The "parole portfolio" consists largely of news clippings and proposed legislation concerning the VPB's system and procedures.  Petitioner alleges that the VPB failed to consider his "parole portfolio," and in doing so violated his constitutional and statutory rights.

Even assuming petitioner's allegations are true, the claim has no merit.  No statute or case law before the Court indicates that the VPB is required to accept and consider documentary submissions from parole applicants.   The VPB is charged with conducting a "thorough investigation" prior to an inmate's release on parole.  V A. CODE ANN. § 53.1-155(A).  However, the obvious intent of the law is to prevent the

VPB from releasing inmates who have not been thoroughly vetted.   It follows that if release is not impending, no "thorough investigation" is required.   That being said, the record shows that the VPB did, in fact, review petitioner's "parole portfolio" and thus conducted a much more thorough investigation than was required.

As noted <u>supra</u>, the VPB is held to certain minimum requirements in considering and denying inmates for parole.   <u>Franklin</u>, 569 F.2d at 797.   The VPB met and exceeded the requirements in considering petitioner for parole.   The claim is without merit and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss and motion for summary judgment be GRANTED.   Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."   Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.   <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.   <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).   A party may respond to

another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. _See_ _Thomas v. Arn_, 474 U.S. 140 (1985); _Carr v. Hutto_, 737 F.2d 433 (4th Cir. 1984); _United States v. Schronce_, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        James E. Bradberry
                                        United States Magistrate Judge

Norfolk, Virginia

  __April, 11_____, 2007


12

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

John F. Gaston, #227949, <u>pro</u> <u>se</u>
Southampton Correctional Center
14545 Old Belfield Rd.
Capron, VA  23829


Mark R. Davis, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Acting Clerk


By _____
            Deputy Clerk

_____, 2007