UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOHN F. GASTON, #227949,**

        Petitioner,

v.                                                                                      2:06CV502

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights when petitioner was denied access by the Virginia Parole Board (VPB) to his prison classification files, which are used in determining whether parole is granted. Petitioner does not, in this proceeding, attack any underlying convictions.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on April 11, 2007. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on April 23, 2007, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States

Magistrate Judge filed April 11, 2007.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's finding that petitioner was not entitled to a copy of his parole file prior to his hearing, the objection is without merit.  There is no constitutional right to access a parole file.  The case which petitioner relies, Franklin v. Shields, 569 F.2d 784 (4th Cir. 1977), is inappropriately used to support his argument.

In Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), the Supreme Court said "a state may, as Nebraska has, establish a parole system but it has no duty to do so." The court went on to say, with regard to the parole decision,

> In each case the decision differs from the traditional mold of judicial decisionmaking in that the choice involves a synthesis of record facts and personal observations filtered through the experience of the decisionmaker and leading to a predictive judgment as to what is best both for the individual inmate and for the community.

Id. at 7-8.  The VPB had all that it needed in order to arrive at a decision in petitioner's case.

To the extent petitioner claims that he was arbitrarily denied fair parole consideration, the claim is without merit. Petitioner argues that the VPB was arbitrary in its denial of discretionary parole by failing to respond to petitioner's attempts to personally contact individual members of the VPB.  Once again, petitioner's assertion is inappropriate.  As the Magistrate noted, the VPB is required to afford applicants only minimal due process, which means no more than a hearing and written reasons for denial of parole.  Franklin, 569 F.2d. at 797.

Those requirements were met in this case. It is the federal courts' intention, as reflected in Greenholtz, that states have as much flexibility in arriving at a decision, given the various factors that may affect how a court perceives a particular inmate's crimes, the effect the crimes had on the community, and the subsequent effect the inmate would have upon reentry into the community following release on parole. In addressing the manner in which the parole board arrives at its decisions, there is no provision that suggests that an inmate has an absolute right to have contact of any kind with any member of the parole board prior to a hearing or for the purpose of discussing what may be in a parole file.

Finally, petitioner asserts that the VPB failed to review his "parole portfolio," thus denying him a fair and thorough hearing. Petitioner has submitted to the Court his "parole portfolio," which includes an affidavit from a friend addressing the merits of the offense; a petition signed by a number of individuals stating that upon release, petitioner would be a welcome asset back in the community; a series of letters; a reference to housing support for petitioner upon release; affidavits from petitioner's parents and Ms. Linda Jones; a statement regarding the counseling services available to petitioner; certification of petitioner's education and skills achieved while serving time; a list of awards and achievements; the Virginia Department of Corrections' presentence report; and a resume. Of course, all of the material was available if the VPB had chosen to review it, but it is not required to consider the information. In arriving at a decision, the VPB may consider the charge of which an inmate was convicted, the inmate's use of time while incarcerated, the length of time served for the offense of which the inmate was convicted, the influence on the community upon the

inmate's release, and whether the inmate may be inclined to reoffend. Given the fact that petitioner received a sentence of eighty-three years for first degree murder, malicious wounding, and a felony firearm charge, petitioner's conduct cannot be viewed other than as extremely serious, and the fact that he had been in custody for only slightly more than ten years is a factor which the VPB was entitled to consider.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.


/s/ Jerome Friedman
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**May 18, 2007**